KENEAGH et al. v. BAKER.  (No. 7567.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1926. Rehearing Denied, May 26, 1926.)

1. Insurance ⬡⇒591½—Surety bond, issued to indemnify company owning certain automobile against damage caused by it, held not to protect vendee of car, notwithstanding number of car was specified in policy.

Surety bond, issued in connection with ordinance requiring it, indemnifying company licensed to transport passengers in city against damage caused by certain automobile, *held* not to protect vendee of automobile also engaged in such business, notwithstanding number of automobile was specified in policy.

2. Appeal and error ⬡⇒1036(2).

Error in not sustaining plea of misjoinder of indemnity company as party defendant in action for personal injuries *held* prejudicial to other defendants.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Irene Baker against the Bull Dog Auto Insurance Association, E. J. Keneagh, and another, doing business under the partnership name of the Fifty Cent Auto Rent Company. Judgment for plaintiff, and defendants appeal. Reversed and rendered as to defendant first named, and reversed and remanded as to other defendants.

Holland, Bartlett, Thornton & Chilton, of Dallas, for appellants.

A. J. Thuss, of Dallas, for appellee.

FLY, C. J. Appellee instituted this action against the Bull Dog Auto Insurance Association of Texas and E. J. Keneagh and W. H. Hudgins, doing business under the partnership name of Fifty Cent Auto Rent Company, to recover damages resulting from personal injuries inflicted by the negligence of the Auto Rent Company while appellee was a passenger on an automobile owned by said Auto Rent Company, and being operated on the streets of Dallas for hire. The insurance company was sued as a surety on a bond required to be given by the auto company before engaging in the business of transporting passengers in the city of Dallas. The cause was submitted to a jury on special issues, and judgment rendered on the answers in favor of appellee for $1,900 against the appellants. The facts show that appellee was injured while a passenger on an automobile operated for hire by Keneagh and Hudgins, under the firm name of Fifty Cent Auto Rent Company, that such injuries resulted from a collision between the hired car driven by an employé of the company and another automobile, and at the time of the collision the hired car was being driven at the rate of 25 miles an hour, on a rainy night, at a street intersection. The jury found that the collision was caused through the negligence of the driver of the hired car on which appellee and her friend were riding on their way from the Adolphus Hotel to their home. The streets were slippery and rain falling.

[1] The bond introduced in evidence to fix the liability of the insurance association was one given by the association on October 11, 1923, to indemnify "Driverless Ford & Dodge Company, Dallas, Tex., against all direct loss or damages." No bond was shown to have been given by the insurance company to the "Fifty Cent Auto Rent Company" or to R. J. Keneagh and W. H. Hudgins or to either of them. We ascertain, however, that, although it is admitted that the bond does not seek to indemnify any one sued or any one injured, it is claimed that a rider attached to the bond made the insurance association, not only liable for the acts of the "Driverless Ford & Dodge Company," but also for the acts of the Fifty Cent Auto Rent Company, or any other jitney or taxicab company in Dallas, under an ordinance of the city of Dallas. The rider to the policy of the Driverless Ford & Dodge Company provides:

"It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held payable to the city of Dallas, Tex., as interest may appear in accordance with article 1195 of the city Ordinances of 1920, and this policy shall cover all loss and damage provided for in said ordinance, and shall be so construed as to fully meet the requirements of said ordinance, whether the terms are properly expressed herein or not."

The ordinance in question provided for and required of every person who desired to operate an automobile for hire in the city of Dallas that he should enter into a bond for $2,500, payable to the city of Dallas, for the use and benefit of any person or persons entitled thereto, and that such bond should be "executed by the person in whose name the license is sought as principal and a solvent surety corporation," and it was required that it "be conditioned that the principal shall pay all legal damages for injury to property of and for injuries sustained by any person," etc. The damages for which the ordinance provided were of course those sustained through the negligence of the principal in the bond, his agent, representative, or servant. The bond sued on was given by "Driverless Ford & Dodge Company." The car that in-

flicted the damages claimed herein was not a driverless one, but was driven by a driver for Hudgins and Keneagh, and the automobile was their property. The only connection between the bond and the damages is that the number of the car which figured in the accident was the same number as a touring car insured in the name of the "Driverless Ford & Dodge Company." That company was not a party to the suit, and was not shown to have been connected with the accident. On that bond, however, the district court held the insurance association was liable for the damages arising from the negligence of an employé of Keneagh and Hudgins or the Fifty Cent Auto Rent Company. No connection was shown between them and the Driverless Ford & Dodge Company. The general demurrer offered by the insurance company should have been sustained.

In order to hold the insurer liable for the negligence of the Fifty Cent Auto Rent Company, it must be held that under the terms of the bond and the ordinance the insurance company was liable for the negligent acts of any person or firm in Dallas who might operate an automobile for hire. That would be a preposterous proposition. Even if it had been shown that the Fifty Cent Auto Rent Company had purchased the cars of the Driverless Ford & Dodge Company, and had succeeded the insured, the bond would not automatically pass from the one to the other. The surety company had obligated itself to pay damages resulting from the negligence of assured and not from the negligence of the vendees of the assured. There is nothing in the ordinance or the rider on the policy that so bound the surety. It was specially provided in the bond that, "in case the assured sells, transfers, or disposes of said automobile, all liability shall cease."

The contention of appellee is that the insurance was not against the negligent acts of the person to whom it was issued, but against the injuries inflicted by a Ford automobile numbered 6,554,641, no matter who might be driving at the time. Such Ford number is mentioned in the policy of insurance, but the insurance is against the negligence of the party obtaining the insurance, its agents, servants, or employés. In the rider, which is a part of and must be construed with the policy, its liability is assumed with direct reference to the ordinance. That ordinance requires a bond in the name, not of a Ford car, but in the name of some person to whom a license is issued to operate an automobile for hire in Dallas. He is to enter into the bond with the condition that he shall pay the damages caused by his "negligence or willful act," or of the operator or the agent, representative, or servant of the principal. Neither the Fifty Cent Auto Rent Company nor Keneagh and Hudgins were shown to have ever obtained any

license or given any bond to operate cars for hire in Dallas, and there is no ground in allegation or proof upon which the Bull Dog Auto Fire Association could be held for negligence in the operation of an automobile owned and operated by Keneagh and Hudgins. The insurance did not follow a transfer of the ownership to some one else. Under the terms of the bond, the liability of the surety ceased when the ownership was changed.

[2] The allegations of the petition failed to show any liability on the part of the insurance association, and the court should have sustained the general demurrer on the part of the association and should have sustained the plea of misjoinder as to Keneagh and Hudgins, and should not have permitted any testimony as to the bond or insurance. The effect of such joinder and such testimony must have had a tendency to increase the damages found against Keneagh and Hudgins. A number of judgments have been reversed by appellate courts because trial courts allowed the fact of insurance to be brought to the attention of the jury, and how much more reprehensible to join with the defendants a surety company which had never issued a policy of insurance to them.

The judgment will be reversed as to all of the appellants, and will be remanded as to Keneagh and Hudgins, and judgment here rendered as to the insurance association that appellee, Irene Baker, take nothing as to it, and that such appellee pay all costs in this behalf expended in this and the lower court.